EDWIN A. LOMBARD, Judge.
LThe State appeals the judgment of the trial court granting the defendants/appel-lees motions for change of venue. After review of the record in light of the applicable law and arguments of the parties, we reverse and remand.

Relevant Facts and Procedural History

On December 81, 2004, Levon Jones, an African-American college student from Georgia was celebrating New Years Eve on Bourbon Street with a group of friends and family members. The group was denied admission to Razzoo’s Bar, purportedly because of a dress code violation by one of the group members. During an ensuing scuffle, Jones was fatally injured by the bar’s security personnel (a/k/a “bouncers”) stationed at the barroom entrance. Several bystanders videotaped the incident and those videotapes subsequently were shown in the television coverage of the student’s death.
On June 2, 2005, the four Razzoo bouncers, Clay Montz, Matthew Taylor, Arthur Irons, and Brandon Vicknair, were indicted for manslaughter, a violation of La. Rev. Stat 14:31. The defendants pleaded not guilty and, subsequently, moved for a change of venue. In support of their motion, the defendants introduced over one hundred and forty articles and stories published or broadcast between January 12and August 2005 which mentioned the incident at Razzoo’s. In addition, the defendants submitted thirty-eight articles pertaining to racial strife in the city of New Orleans after Hurricane Katrina, arguing that the post-Katrina racial strife will adversely affect their trial. At the motions hearing held on March 24, 2006, the defendants also presented the testimony of their pollster, Joe Walker, who testified that based on two polls he conducted in the summer of 2005 prior to Hurricane Katrina and in February 2006, it was his opinion that it was highly unlikely that the defendants would receive a fair trial in Orleans Parish.
In a written judgment rendered on April 7, 2006, the trial judge granted the motion to change venue. In his reasons for judgment, the trial judge stated that his jqdgment was based on the following factual conclusions: (1) polls indicated that 98% of those polled were familiar with the facts of the case and 82% of those interviewed had seen the videotape of the incident; (2) public officials, specifically Dr. Frank Min-yard, Jefferson Parish Sheriff Harry Lee, and a group of prominent clergy members, had publicly stated their opinions of the incident; (3) there was a likelihood that the videotapes would be shown again near the trial date; (4) the trial should take place in another venue because of the backlog of cases in the aftermath of Hurricane Katrina and ongoing logistic difficulties at Criminal District Court.[1]

Discussion

On appeal, the State argues that it was error for the trial court to render *192 judgment prior to conducting a voir dire of jurors. We agree.
13A defendant is guaranteed an impartial jury and fair trial and, when a defendant establishes inability to obtain an impartial jury or fair trial in the original venue, the law provides for a change of venue. See La.Code Crim. Proc. art. 622; State v. Hoffman, 98-3118, p. 5 (La.4/11/2000) 768 So.2d 542, 552 (citations omitted); see also State v. Wilson, 467 So.2d 503, 512 (La.1985), cert denied, 474 U.S. 911, 106 S.Ct. 281, 88 L.Ed.2d 246 (1985) (burden is on the applicant seeking a change of venue to show that an impartial jury or fair trial is not possible in the original venue). The guarantee to an impartial jury and fair trial is not, however, the equivalent of an entitlement to a jury that is completely ignorant of the case and extensive knowledge in the community of the crime is not sufficient by itself to render a trial unconstitutionally unfair. Dobbert v. Florida, 432 U.S. 282, 97 S.Ct. 2290, 53 L.Ed.2d 344 (1977). Accordingly, the defendant “must prove more than mere public knowledge of facts surrounding the offense to be entitled to have his trial moved to another parish.” State v. Comeaux, 514 So.2d 84, 90 (La.1987). On appeal, a trial court’s determination on the venue issue may be overturned upon an affirmative showing of error and abuse of discretion. Hoffman, supra.
In this case, a voir dire of potential jurors has not yet been conducted. Rather, the sole testimony presented at the motion hearing was that of the defendants’ pollster who concluded that, based on two polls taken on behalf of the defendants, it was highly unlikely that an impartial jury could be empanelled in Orleans Parish. Mr. Walker testified that his polls showed that a(l) a high percentage of people saw the videotape and were familiar with the incident; (2) a majority of blacks polled think the incident was racially motivated; (3) the fact that |470% of the blacks polled said they could be fair jurors was problematic in light of the 59% who said they thought the bouncers were guilty.[2]
Clearly, such polls are beneficial to defense counsel in determining whether to file a motion for change of venue. However, poll results and the pollster’s subsequent conclusion does not constitute an adequate substitute for the voir dire of potential jurors. We find no jurisprudence wherein a poll served as the primary basis for a change of venue or where such judgment was reached without an examination in court of potential jurors[3] and we decline this opportunity to establish such a precedent. Additionally, we find that the trial court’s other reasons for granting the motion for change of venue do not rise to the level of prejudice required by La.Code Crim. Proc. art. 622. Accordingly, we find that the trial court’s judgment granting the defendants’ motion prior to conducting a voir dire of potential jurors was, in effect, premature and an abuse of discretion. Therefore, we reverse the judgment and remand the matter to the trial court for further proceedings.
REVERSED AND REMANDED.

. The trial judge noted that "[w]ith a total of 96 peremptory challenges available to the parties and the certainty that many challenges for cause will be sustained, a conservative estimate is that a venire of at least 200 persons would be needed for trial of these defendants.” In its brief, however, the State notes that on April 18, a motion to sever the trials of the defendants was granted and, accordingly, a maximum of 24 peremptory challenges will be available in each trial. The State also notes that since Criminal District Court reopened in July 2006, more than 40 jury trials have taken place.

. Mr. Walker indicated that views of the black poll participants were particularly relevant because almost 70% of the potential jury pool in Orleans Parish based on voter registration, was black.

. A "dry run” voir dire of potential jurors may be used for purposes of determining the merits of a motion to change venue prior to the trial date.